OPINION
{¶ 1} On February 22, 2001, Clora A. Franklin filed a lawsuit in which she alleged that she was entitled to damages because the Franklin County Commissioners had fired her from her position as refund coordinator with the Franklin County Treasurer's Office. She alleged that she had been fired because she had pursued a workers' compensation claim and that as a result her firing was in violation of R.C. 4123.90.
 {¶ 2} Eventually, the Franklin County Commissioners sought and received summary judgment. Ms. Franklin has now appealed that grant of summary judgment assigning a single error for our consideration:
 {¶ 3} "The trial court erred in granting summary judgment pursuant to Ohio Civil Rule 56, when in this case there are clearly factual matters which are required to be heard by the trier of fact. It is impossible to evaluate the evidence in this case without reasonable minds coming to different conclusions."
 {¶ 4} Ms. Franklin was injured on the job in 1992. She had two periods of extended temporary total disability ("TTD"), one from August 1992 to July 1993, and one from November 1994 to March 1995.
 {¶ 5} Ms. Franklin began missing work again in April 2000, again as a result of her injury. On September 8, 2000, her employment was terminated. The termination was as a result of her missing work. Ms. Franklin alleged that she had been the victim of discrimination because another employee of the treasurer's office had been off work for a longer period of time due to illness, but had not been fired. The trial court, in granting summary judgment, found that Ms. Franklin was terminated for "absenteeism" and not in retaliation for pursuing her workers' compensation claim. In so ruling, the trial court followed the ruling of this appellate court in Russell v. Franklin Cty. Auditor (Sept. 28, 1999), Franklin App. No. 98AP-1502.
 {¶ 6} The present case law is not friendly to the injured worker. If a person is hurt on the job and is unable to perform her or his job duties as a result, the injured person can be fired. The only protections for the injured workers are Family Medical Leave Act ("FMLA") benefits, a written contract or personnel policy, benefits from union representation, and in some instances, protections under the American with Disabilities Act ("ADA"). Clora Franklin exhausted her FMLA benefits, had no union representation and was employed at a time when the personnel policy manual provided her little protection. ADA protection does not extend to government employees.
 {¶ 7} All the people involved in the employment decision for Ms. Franklin denied that she was fired due to her pursuit of her workers' compensation benefits. Under the circumstances, she can only suspect, but never prove that ulterior motives for her firing existed. Her suspicions alone cannot protect her from summary judgment.
 {¶ 8} The sole assignment of error is overruled.
 {¶ 9} The judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and BOWMAN, JJ., concur.